UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>v.<br><br>ANTONIO GARDUNO VALDOVINOS,<br><br>          Defendant. | Case No.:  18cr3496 WQH<br><br>**ORDER** |

HAYES, Judge,

  The matter before the Court is the motion to reduce sentence pursuant to First Step Act § 3582(c)(1)(A)(i) (ECF No. 28) filed by the Defendant.

**FACTS**

  On December 4, 2018, Judgment was entered committing Defendant to the custody of the Bureau of Prisons for 37 months of imprisonment for removed alien found in the United States in violation of 8 U.S.C. § 1326(a) and (b). Defendant has served approximately 26 months of the sentence imposed. Defendant's projected release date is February 24, 2021.

  On August 14, 2020, Defendant filed a letter presenting a motion for release under 18 U.S.C. §3582(c)(1)(A) requesting that this Court order a reduction in his sentence to time served. Defendant asserts that persistent and ongoing issues and his serious medical

conditions present an extraordinary and compelling circumstance. Defendant contends that his medical condition and the risk of contracting COVID-19 at FCI Dalby present a real risk of death and serious illness. Defendant asserts that a sentence of time served adequately reflects the seriousness of the offense and satisfies all of the factors of sentencing under 18 U.S.C. § 3553(a).

Plaintiff United States files a Notice of Non-opposition. Plaintiff United States asserts that Defendant's medical condition qualifies as an extraordinary and compelling reason for a sentence reduction in the context of the COVID-19 pandemic. Plaintiff United States further asserts that Defendant does not pose a danger to the public and that the §3553(a) factors weigh in favor of Defendant's release.

## RULING OF THE COURT

18 U.S.C. § 3582(c)(1)(A) provides:

> The court may not modify a term of imprisonment once it has been imposed except that--
> (1) in any case--
> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that--
> (i) extraordinary and compelling reasons warrant such a reduction; or
> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission;

18 U.S.C. § 3582(c)(1)(A).[1]

Section 1B1.13 of the Sentencing Guidelines, adopted before the First Step Act, addressing a motion for sentence reduction by the Director of the Board of Prisons under 18 U.S.C. § 3582(c)(1)(A) states in relevant part:

> Upon motion of the Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment (and may impose a term of supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment) if, after consideration of the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable, the court determines that—
> (1)(A) Extraordinary and compelling reasons warrant the reduction. . .
> (2) The defendant is not a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and
> (3) The reduction is consistent with this policy statement.

U.S.S.G. § 1B1.13. The commentary to § 1B1.13 lists four circumstances that qualify as "extraordinary and compelling reasons": (A) medical condition of the defendant; (B) age of the defendant; (C) family circumstances; and (D) "Other reasons—As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." U.S.S.G. § 1B1.13 n.1.   Application Note 1 § 1B1.13 provides for the following extraordinary and compelling reason:

> (A) Medical Condition of the Defendant.--
> (i) The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory). A specific prognosis of life expectancy (i.e., a probability of death within a specific time period) is not required. Examples include metastatic solid-tumor cancer, amyotrophic lateral sclerosis (ALS), end-stage organ disease, and advanced dementia.
> (ii) The defendant is--
> (I) suffering from a serious physical or medical condition,

---

[1] Plaintiff United States agrees that Defendant has met the exhaustion requirement of 18 U.S.C. § 3582(c)(1)(A).

>   (II) suffering from a serious functional or cognitive impairment, or
>   (III) experiencing deteriorating physical or mental health because of the aging process that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

Application Note 1 § 1B1.13. The Sentencing Guideline provisions were not amended after the enactment of the First Step Act and apply only to a motion for sentence reduction by the Director of the Bureau of Prisons. This Court takes these sentencing guideline provisions into account in determining whether a reduction is consistent with applicable policy statements issued by the Sentencing Commission. However, the Court finds that these provisions are not a limitation upon the Court's ability to determine whether a defendant has presented extraordinary and compelling reasons for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A).

In this case, Defendant was sentenced to 37 months in the custody of the Bureau of Prisons. The Court applied the factors under 18 U.S.C. § 3553(a) and concluded that Defendant's participation in this serious offense supported the imposition of the 37 month sentence. The Court accepts the agreement of the Plaintiff United States that the COVID-19 pandemic provide "extraordinary and compelling reasons" for a sentence reduction under 18 U.S.C. § 3582(c)(1)(A) in light of the Defendant's medical conditions. Defendant suffers from serious medical conditions which significantly increase his risks of serious illness as a result of contracting COVID-19. The record demonstrates the Defendant's his serious medical conditions places him at serious risk of illness based upon his limited ability to provide self-care within the environment of the correctional facility. The Court concludes that the 26 months served in custody adequately reflects the need for the sentence "to protect the public from further crimes of the defendant" and "to reflect the seriousness of the offense" under 18 U.S.C. §3553(a) under the circumstances of this case. This reduction is consistent with all applicable policy statements issued by the Sentencing Commission.

IT IS HEREBY ORDERED that the motion for an order granting compassionate release (ECF No. 28) is granted. Defendant's sentence of 37 months in custody is reduced to time served, subject to any restrictions of quarantine based upon the COVID-19 policies of the Bureau of Prisons. All other conditions of the Judgment imposed on December 4, 2018 shall remain in effect.

Dated: October 13, 2020

*William Q. Hayes*
Hon. William Q. Hayes
United States District Court